IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BENNIE ANDERSON,**

       Plaintiff,

  vs.                                    Civil Action 2:15-cv-728
                                              Judge Graham
                                              Magistrate Judge King

**TOLEDO CORRECTIONAL CENTER
MEDICAL DEPT.**, *et al.*,

       Defendants.

**REPORT AND RECOMMENDATION**

    Plaintiff, a state inmate, brings this civil rights action under 42 U.S.C. § 1983, alleging that he has been denied needed medical care and discriminated against on account of his race. This matter is now before the Court for the initial screen of the *Complaint* required by 28 U.S.C. § 1915(e), 1915A.

    The *Complaint* alleges that plaintiff suffered a broken hip in a fall at the Toledo Correctional Center but that he has been denied needed treatment, at the direction of officials at the Ohio Department of Rehabilitation and Correction, because of budgetary constraints. Plaintiff also alleges that he has been denied extra milk, as prescribed for him by medical personnel, for the same reason. Finally, plaintiff alleges that he has been denied new eyeglasses because of budget constraints and because of his race.

    The *Complaint* names as defendants only the Toledo Correctional Center Medical Department and the Ohio Department of Rehabilitation

1

and Correction.[1] These defendants are state agencies and, as such, are absolutely immune from suit in this Court by virtue of the Eleventh Amendment to the United States Constitution.  *See Beil v. Lake Erie Correction Records Dept.*, 282 Fed. Appx. 363, 2008 WL 2434738 (6th Cir. June 13, 2008). *See also Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997)(Eleventh Amendment sovereign immunity applies not only to the states themselves but also to "state agents and instrumentalities").  Moreover, a state agency is not a "person" subject to suit under 42 U.S.C. §1983.  *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70-71 (1989). Plaintiff's claims cannot proceed against these defendants.

It is therefore **RECOMMENDED** that this action be dismissed for lack of subject jurisdiction and for failure to state a claim upon which relief can be granted.


If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

---

[1] The caption of the *Complaint* also refers to "John and Jane doe's [sic], State officers and staff," but does not identify any particular individual.

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

                                                  s/Norah McCann King
                                                   Norah M$^c$Cann King
March 4, 2015                      United States Magistrate Judge