IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Bennie Anderson,

   Plaintiff,

  v.         Case No. 2:15-cv-728

Toledo Correctional Center
Medical Dept., et al.,

   Defendants.


<u>ORDER</u>

  Plaintiff, a state inmate, brings the instant action pursuant to 42 U.S.C. §1983, alleging that he has been denied needed medical care for a hip injury, and that he has been denied new eyeglasses because of budget constraints and because of his race.  The named defendants are the Toledo Correctional Center Medical Department and the Ohio Department of Rehabilitation and Correction.  The caption of the complaint also refers to "John and Jane doe's [sic], State officers and staff" but does not identify any particular individual.  On March 4, 2015, the magistrate judge filed a report and recommendation on the initial screen of plaintiff's complaint pursuant to 28 U.S.C. §1915A, which requires the court, "in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," to dismiss a complaint that fails to state a claim upon which relief may be granted.  28 U.S.C. §1915A(a)-(b)(1).  The magistrate judge concluded that plaintiff's complaint fails to state a claim upon which relief can be granted, and recommended that this action be dismissed.  <u>See</u> Doc. 4, p. 2.

  This matter is before the court for consideration of

plaintiff's objections (Doc. 6) to the magistrate judge's report and recommendation.  If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. §636(b)(1).

As the magistrate judge correctly explained, 28 U.S.C. §1915(e) requires sua sponte dismissal of an action upon the court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. Grinter v. Knight, 532 F.3d 567, 572 (6th Cir. 2008).  Courts conducting initial screens under §1915(e) apply the motion to dismiss standard.  See, e.g., Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§1915A and 1915(e)(2)(B)(ii)).

Courts ruling on a motion to dismiss under Rule 12(b)(6) construe the complaint in a light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true, and determining whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Techs., Inc., 520 F.3d 516, 519 (6th Cir. 2008).  To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements

necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005).

The magistrate judge correctly observed that the only named defendants are state agencies which are absolutely immune from suit in this court under the Eleventh Amendment of the United States Constitution. See Regents of Univ. of Calif. v. Doe, 519 U.S. 425, 429 (1997)(Eleventh Amendment sovereign immunity applies not only to the states but also to "state agents and instrumentalities"). The magistrate judge also correctly noted that a state agency is not a "person" subject to suit under §1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989). Plaintiff states in his objections that it was not his intent to sue a state entity. Rather, he alleges that he referred to "John and Jane doe's [sic], State officers and staff" and added the notation "et al." with the intent of encompassing within his complaint the large number of defendants involved. Doc. 6, pp. 1-2. In the alternative, plaintiff requests an extension of time to submit an amended complaint.

The court agrees with the determination of the magistrate judge that plaintiff's claims cannot proceed against the named state agency defendants, and that the reference to John and Jane Doe defendants is not sufficient to identify any particular defendant. The court denies plaintiff's objections, and adopts the report and recommendation (Doc. 4). Plaintiff's claims are dismissed for lack of subject matter and for failure to state a claim upon which relief can be granted, and defendants Toledo Correctional Center Medical Department and Ohio Department of Rehabilitation and Correction are dismissed as parties. However,

the court will grant plaintiff's request for leave to file an amended complaint.  Plaintiff is granted until thirty (30) days from the date of this order to file an amended complaint asserting claims against individual defendants over whom this court can exercise jurisdiction.

Date: March 24, 2015                    _____s/James L. Graham_____
                                        James L. Graham
                                        United States District Judge

4