IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BENNIE ANDERSON,**

        **Plaintiff,**

  vs.                                  Civil Action 2:15-cv-728
                                          Judge Graham
                                          Magistrate Judge King

**TOLEDO CORRECTIONAL CENTER
MEDICAL DEPT*., et al.*,**

        **Defendants.**

**ORDER AND
REPORT AND RECOMMENDATION**

    Plaintiff, an inmate at the Toledo Correctional Institution ("TOCI"), was granted leave to proceed *in forma pauperis* on March 5, 2015.  *ECF* 5.  On April 15, 2015, plaintiff filed an *Amended Complaint* naming 16 individual defendants.  ECF 8.  Plaintiff has not effected service of process on any of the defendants.  This matter is now before the Court on a motion titled *Action for Temporary Restraining Order and Other Appropriate Relief* ("*Plaintiff's Motion*"), ECF 11.  *Plaintiff's Motion* appears to argue that letters sent by plaintiff to TOCI employees and relating to an appeal of plaintiff's placement in Local Control for a weapons violation were stolen and/or delayed in delivery.  In his motion, plaintiff seeks (1) to be returned "to his former prison status," (2) the "[r]eturn and replacement of all property, legal and religious," (3) the discovery of a June 10, 2015 video, (4) the "[i]nvestigation and prosecution of all parties

1

involved in theft of U.S. mails and legal communications," and (5) the appointment of counsel.

Rule 65 of the Federal Rules of Civil Procedure permits a party to seek injunctive relief if he believes that he will suffer irreparable harm or injury without such relief. Fed. R. Civ. P. 65(a), (b). Where, as here, the adverse party has not received written or oral notice, a temporary restraining order may issue only if, *inter alia*, "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b). Here, plaintiff seems to argue that his letters/mail sent to TOCI employees has been stolen or not been promptly delivered. Plaintiff seeks an investigation into the "theft" of his mail, but there is no evidence that plaintiff's mail has been stolen. Indeed, plaintiff's "kite . . . mailed on June 29th, 2015" was "stamped received on July 13th, 2015," and his "appeal opposing the L.C. hole placement" "was received marked denied." *Plaintiff's Motion*, pp. 2-3. Accordingly, plaintiff has not shown that immediate and irreparable injury will result before defendants can be heard in opposition. The Court also notes that the allegations in *Plaintiff's Motion* appear, on their face, to have no connection to the alleged denial of medical care that is the subject of the claims asserted in the *Amended Complaint*. It is therefore **RECOMMENDED** that plaintiff's motion for temporary restraining order be **DENIED**.

*Plaintiff's Motion* also requests that plaintiff be appointed counsel "to protect plaintiff from further vengeance, retaliation, or pressure placed on [him] by defendants." *Plaintiff's Motion*, p. 4. Because the action has not yet progressed to the point that the Court is able to evaluate the merits of plaintiff's claim, plaintiff's request for appointed counsel is **DENIED** without prejudice to renewal at a later stage of the proceedings. *See Henry v. City of Detroit Manpower Dept.*, 763 F.2d 757, 760 (6th Cir. 1985) ("[I]n considering an application for appointment of counsel, district courts should consider plaintiff's financial resources, the efforts of plaintiff to obtain counsel, and whether plaintiff's claim appears to have any merit.").

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v.*

*Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


August 17, 2015                           *s/Norah McCann King*
                                          Norah M<sup>c</sup>Cann King
                                       United States Magistrate Judge

4