```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

**BENNIE ANDERSON,**

           **Plaintiff,**

   vs.                                           Civil Action 2:15-cv-728
                                                    Judge Graham
                                                      Magistrate Judge King

**TOLEDO CORRECTIONAL CENTER**
**MEDICAL DEPT.*, et al.*,**

           **Defendants.**

## REPORT AND RECOMMENDATION

    Plaintiff, a state inmate currently incarcerated in the Toledo Correctional Institution ("ToCI"), brings this civil rights action under 42 U.S.C. § 1983. At the outset of the case, plaintiff sought leave to proceed *in forma pauperis*, in which he stated, under penalty of perjury, that he had not brought an action that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted. *Application and Affidavit by Incarcerated Person to Proceed without Prepayment of Fees*, ECF No. 1, PAGEID# 4. That application was granted by the Court. *Order,* ECF No. 5. This matter is now before the Court *on Defendants' Motion to Vacate Order Granting Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 5),* ECF No. 26 ("*Motion to Vacate*").

    The *Amended Complaint,* ECF No. 8, complains of various aspects of care at ToCI. Plaintiff first alleges that, in September 2014, he suffered a fractured hip as a result of a fall at ToCI and that,

although x-rays have been taken, final approval for recommended treatment "had to come from the Columbus Office (i.e., O.D.R.C.) and that O.D.R.C. had cut back on treating prisoners, because of budget cuts." *Id*. at PAGEID# 42. Plaintiff also alleges that a nurse practitioner "ordered milk to compensate for [his] vitamin D de[ficiency]," but that a dietitian "refused to order the extra milk. . . ." *Id*. at PAGEID# 42, 43. Moreover, although plaintiff's eyeglass prescription had changed in December 2014, he was advised that eyeglasses could be replaced only every four years because of budget cuts. However, plaintiff also learned from "some white prisoners" that "their eye-glasses [were] replaced as needed." *Id*. at PAGEID# 43. Finally, plaintiff alleges that, although a prison dentist provides antibiotics, "he cannot fix my cracked and exposed root on my teeth, once again his excuse is budget cuts." *Id*. at PAGEID# 43. The *Amended Complaint* also appears to challenge the basis of plaintiff's current confinement, *id*. at PAGEID# 45-46, as well as alleged adverse consequences suffered by inmates who refuse to sign a certain document. *Id.* at PAGEID 46. The *Amended Complaint* seeks monetary damages and the prosecution of defendants. *Id.* at PAGEID 47.

In the *Motion to Vacate*, defendants represent that plaintiff has, while incarcerated, filed at least three lawsuits that were dismissed as frivolous or for failure to state a claim for relief. *See Bennie Anderson v. Janet Burnside, Judge,* 1:05-cv-2718 (N.D. Ohio Dec. 22, 2005); *Bennie Anderson v. Robert Gentry, et al.,* 1:03-cv-00140 (N.D. Ohio Apr. 3, 2003); *Bennie Anderson v. Louis Brodnik, et al.*, 1:87-cv-

2531 (N.D. Ohio May 31, 1988), *aff'd* 887 F.2d 265 (6th Cir. 1989).

The Prison Litigation Reform Act ("PLRA") contains numerous provisions governing litigation by prisoners in federal courts. With respect to the statute governing *in forma pauperis* status, the "three strikes" provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The "three strikes" provision applies to cases that were dismissed even prior to the effective date of the PLRA. *Wilson v. Yaklich,* 148 F.3d 596 (6th Cir. 1998). Moreover, *in forma pauperis* status is a privilege and may be revoked if misused. Consequently, the Court may consider the issue of whether the three strikes provision applies even after an earlier grant of *in forma pauperis* status. *See Simpson v. Correctional Medical Services, Inc.,* 2009 WL 2920789 (W.D. Mich. September 10, 2009); *Reeves v. Wilkinson*, No. 06-10326, 2007 WL 3037705 at *5 (E.D. Mich. Oct. 17, 2007).

Although plaintiff disagrees with some of the prior dismissals noted in the *Motion to Vacate*, *see Plaintiffs' Motion in Opposition to Defendants Motion to Vacate Order Granting Plaintiffs' Pauperis Status*, ECF No. 35, plaintiff does not appear to dispute the essential fact that he has, while incarcerated, filed at least three lawsuits that were dismissed as frivolous or for failure to state a claim for

relief. *Id.*

Plaintiff does, however, make passing reference to "imminent danger of serious physical injury . . . ." *Id.* at PAGEID# 251. Plaintiff specifically states that "defendants have had [him] walking around, for nearly a year on a broken hip, that even the doctors and nur[s]es at this place admit, is constantly growing worst." *Id*. [sic]. He also acknowledges that he has been provided treatment for the hip condition, including medication and shots for swelling, "psych meds" for pain, and an elevator pass, although he complains that the treatment is inadequate. Id. at PAGEID# 251-52.

An inmate otherwise denied *in forma pauperis* status because of the "three strikes provision" of the PLRA may nevertheless proceed without prepayment of fees or costs if he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In order to make such a demonstration, the prisoner must allege and persuade the court that the condition complained of is real and proximate, and that the danger of serious physical injury exists at the time the complaint is filed. *Tucker v. Pentrich*, 483 Fed. Appx. 28, 30 (6th Cir. 2012); *Rittner v. Kinder*, 290 Fed. Appx. 796, 797 (6th Cir. 2008). An allegation that failure to treat a chronic illness or condition resulting in "incremental harm that culminates in a serious physical injury" may be sufficient. *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). The denial of medication to treat severe chronic pain has been found to be sufficient to qualify

4

for the exception to §1915(g). *Freeman v. Collins*, 2011 WL 1397594, *6 (S.D. Ohio Apr. 12, 2011).

This Court concludes that plaintiff has not alleged facts that would support a finding of imminent danger of serious physical injury. By his own statements, plaintiff has been "walking around for nearly a year," and has received treatment for his hip condition, including treatment for swelling and pain. Although he argues that the treatment is inadequate, under the facts presented, the Court concludes that plaintiff has not alleged a denial of treatment that is tantamount to "incremental harm that culminates in a serious physical injury." *See Vandiver v. Prison Health Servs., Inc.*, 727 F.3d at 585.

The Court therefore concludes that the "three strikes provision" of the PLRA, 28 U.S.C. § 1915(g), requires that the grant of *in forma pauperis* status to plaintiff be vacated.

Plaintiff seems to agree with this conclusion because he indicates that he "is willing to pay this courts filing fee. I just don't have $400.00, at this time." *Motion in Opposition to Defendants Motion to Revolk Plaintiffs Pauper Status: Addendum*, ECF No. 42, PAGEID# 296 [sic].  To the extent that plaintiff asks that payment of the full filing fee be deferred, the Court lacks authority to grant that request. The grant of *in forma pauperis* status to an inmate is not a waiver of the filing fee; the grant merely waives prepayment of the full filing fee and establishes a deferred payment plan. *See* 28 U.S.C. § 1915(b). Where, as here, *in forma pauperis* status is denied

5

an inmate, the inmate must make payment of the full filing fee without delay or deferral.

It is therefore **RECOMMENDED** that *Defendants' Motion to Vacate Order Granting Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 5),* ECF No. 26, be granted and that the grant of *in forma pauperis* status be vacated. It is **FURTHER RECOMMENDED** that plaintiff be required to pay the entire $400.00 filing fee within thirty (30) days. His failure to do so may result in the dismissal of the action for failure to prosecute.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the

district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

January 11, 2016

s/Norah McCann King
Norah M<sup>c</sup>Cann King
United States Magistrate Judge