IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BENNIE ANDERSON,**

        Plaintiff,

  vs.                                        Civil Action 2:15-cv-728
                                                   Judge Graham
                                                   Magistrate Judge King

**TOLEDO CORRECTIONAL CENTER
MEDICAL DEPT.**, *et al.*,

        Defendants.

**ORDER AND
REPORT AND RECOMMENDATION**

Plaintiff brings this civil action seeking monetary damages and the prosecution of defendants. *Amended Complaint*, ECF No. 8, PAGEID 47. The *Amended Complaint* names as defendants thirteen employees of the Ohio Department of Rehabilitation and Correction ("ODRC"), but the record indicates that only seven defendants have been served with process: Gary C. Mohr, Anita Phillips, Daniel J. Chuba, Ellen Venters, Kathleen Kovach, "Ms. Robertson," and Marie Monteoffel, M.D.[1] This matter is now before the Court on the motion to dismiss filed on behalf of these defendants. *Motion to Dismiss*, ECF No. 51. There has been no response to the motion.

**Standard**

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the ... claim is and

---

[1] The *Amended Complaint* also refers to various John and Jane Doe defendants. *Amended Complaint*, PageID# 41.

the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46(1957)). Although a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly,* 550 U.S. at 555; *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' ... it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting *Twombly,* 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Although *pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even a *pro se* complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

**Discussion**

The *Amended Complaint* complains of various aspects of medical care at the Toledo Correctional Institution ("ToCI"). Plaintiff first alleges that, in September 2014, he suffered a fractured hip as a result of a fall at ToCI and that, although x-rays were taken, final approval for recommended treatment "had to come from the Columbus Office (*i.e.*, O.D.R.C.) and that O.D.R.C. had cut back on treating prisoners, because of budget cuts." *Id.* at PAGEID# 42. Plaintiff also alleges that a nurse practitioner "ordered milk to compensate for [his] vitamin D de[ficiency]," but that a dietitian "refused to order the extra milk. . . ." *Id.* at PAGEID# 42, 43. Moreover, although plaintiff's eyeglass prescription had changed in December 2014, he was advised that eyeglasses could be replaced only every four years because of budget cuts. However, plaintiff also learned from "some white prisoners" that "their eye-glasses [were] replaced as needed." *Id.* at PAGEID# 43. Finally, plaintiff alleges that, although a prison dentist provides antibiotics, "he cannot fix my cracked and exposed root on my teeth, once again his excuse is budget cuts." *Id.* at PAGEID# 43. The *Amended Complaint* also appears to challenge the basis of plaintiff's current confinement, *id.* at PAGEID# 45-46, as well as alleged adverse consequences suffered by inmates who refuse to sign a certain document. *Id.* at PAGEID 46.

As the claim of indifference to plaintiff's medical needs relates

to the defendants served with process, the *Amended Complaint* specifically refers only to defendant Dr. Manteoffel. It is alleged that this defendant requested that plaintiff be seen by a hip specialist in January 2015, *id.* at PAGEID# 43, ordered more x-rays of plaintiff's hip in February 2015, *id.,* and "place[d] another order for treatment to the Columbus office" in March 2015, *id.*

No mention whatsoever is made of any other defendant who has been joined in this action. The *Amended Complaint* therefore fails to state a claim for relief as against any of these other defendants. *See Twombly*, 550 U.S. at 555.

The *Amended Complaint* does, as noted, expressly refer to defendant Manteoffel. The Eighth and Fourteenth Amendments to the United States Constitution proscribe "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The Constitution does not, however, prohibit medical malpractice within the prison context. *Id.; Wester v. Jones*, 554 F.2d 1285, 1286 (4th Cir. 1977); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1081 (3d Cir. 1976). Of course, a dispute over the course of medical treatment is likewise not actionable under §1983. *Young v. Gray*, 560 F.2d 201 (5th Cir. 1977).

A claim of failure to provide adequate medical treatment requires, *inter alia*, that a plaintiff allege facts that, if true, "would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk."

4

*Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). This "entails something more than mere negligence" but "less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan,* 511 U.S. 825, 835 (1994).

The specific allegations against defendant Manteoffel demonstrate that she ordered diagnostic tests and recommended treatment for plaintiff. The *Amended Complaint* does not allege facts that would amount to deliberate indifference to plaintiff's serious medical need on the part of this defendant.

The other claims asserted in the *Amended Complaint* make no reference whatsoever to any named defendant. Moreover, to the extent that plaintiff intends to challenge the basis of his confinement, this Court cannot entertain that challenge in this action absent a showing that plaintiff's criminal conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or have otherwise been called into question by a federal court's issuance of a writ of habeas corpus." *Lanier v. Bryant*, 332 F.3d 999, 1005-06 (6th Cir. 2003)(citing *Heck v. Humphrey*, 512 U.S. 477 (1994)).

It is therefore **RECOMMENDED** that defendants' *Motion to Dismiss,* ECF No. 51, be granted.

The *Amended Complaint* was filed on April 15, 2015 and, as noted, only seven (7) of the thirteen (13) named defendants have been served with process. Plaintiff is therefore **ORDERED TO SHOW CAUSE**, within

5

fourteen (14) days, why the claims against the remaining named defendants should not be dismissed for failure to timely effect service of process. *See* Fed. R. Civ. P. 4(m).

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir.

6

2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

|  | s/Norah McCann King |
| --- | --- |
| May 16, 2016 | Norah M<sup>c</sup>Cann King<br>United States Magistrate Judge |